UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

              v.                                **MEMORANDUM & ORDER**
                                               18-CR-144 (WFK)

KHALID JOSEPH,

                       Defendant.
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 26, 2018, Khalid Joseph pled guilty to Count One of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Khalid Joseph is hereby sentenced to 18 months of incarceration, followed by 1 year of supervised release, and a $100.00 special assessment.

## BACKGROUND

On March 22, 2018, the United States filed a 2-count Indictment against Khalid Joseph ("Defendant"). Indictment, ECF No. 7. On November 26, 2018, Defendant pled guilty to Count One of the Indictment, charging Importation of Cocaine, under 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii) pursuant to a plea agreement.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now 38 years old, was born on August 15, 1981 in Port of Spain, Trinidad. Presentence Investigation Report ¶ 25, ECF No. 24 ("PSR"). He is one of two children born to

2

the relationship of Frederick Sylvester Joseph and Marve Gilman. *Id.* Defendant's father died in January 2019 from kidney failure and a heart attack. *Id.* Defendant's mother is 54 years old, lives in Brooklyn, and enjoys good health. *Id.* Defendant's mother is aware of his conviction and remains supportive of him. *Id.*

Defendant has one full sibling, Sophia Joseph, who is 37 years old and lives in Brooklyn. *Id.* ¶ 26. Ms. Joseph is married with three children. *Id.* Defendant shares a close relationship with Ms. Joseph who is aware of his conviction and is supportive. *Id.* Defendant has one maternal half-sister who is fourteen years old. *Id.* ¶ 27. Defendant's maternal half-sister lives with Defendant's mother. *Id.* Defendant shares a close relationship with his half-sister. *Id.*

Defendant has eight paternal half-siblings. *Id.* ¶ 28. One of Defendant's paternal half-siblings has passed away. *Id.* Five of Defendant's paternal half-siblings reside in Trinidad and are supported financially by themselves, their partners, or parents. *Id.* Defendant has eleven nieces and nephews by his half-siblings who reside in Trinidad. *Id.* Defendant's youngest half-sibling is 8 years old and lives in Trinidad with her mother. *Id.* Two of Defendant's paternal half-siblings live in the United States. *Id.* Gena Ann Joseph, age 33, lives in Brooklyn with her child and is employed as a home health aide. *Id.* Japera Joseph, age 23, lives in Philadelphia, Pennsylvania and is employed and in good health. *Id.* Defendant shares a close relationship with his half-siblings and all but the youngest two are aware of his conviction and are supportive. *Id.*

Defendant was raised by his parents in lower-income circumstances in Trinidad. *Id.* ¶ 29. He had a good childhood free from any form of abuse. *Id.* His parents separated when he was a

3

child, but even though he lived with his mother he maintained a close relationship with his father. *Id.*

Defendant immigrated to the United States of America in 2003 and settled in Brooklyn. *Id.* ¶ 30. He became a permanent resident in 2007 and a naturalized United States citizen on May 7, 2014. *Id.*

Defendant married Alicia Joseph (nee Peters) in Brooklyn after a fourteen-year courtship. *Id.* ¶ 31. Mrs. Joseph is 39 years old and is employed as a paraprofessional. *Id.* She is in good health. *Id.* The couple live together in Brooklyn with their children. *Id.* ¶ 32. The couple's three children are 15, 8, and 7 years old. *Id.* ¶ 31. All their children are in good health and in school. *Id.* Defendant and Mrs. Joseph have not informed their children of Defendant's conviction. *Id.* ¶ 31. Mrs. Joseph describes Defendant as the "best" father and as a "kind and considerate" person who puts others before himself. *Id.* Mrs. Joseph expressed a belief she and their children would be forced out of their apartment and into the New York City shelter system, should Defendant be sentenced to a term of incarceration. *Id.*

Defendant is generally in good health but was hospitalized in 1995 for a seizure. *Id.* ¶ 34. Defendant does not currently have any significant mental health concerns. *Id.* ¶ 35.

Defendant completed high school in 1998 while living in Trinidad. *Id.* ¶ 37. Defendant is employed as a foreman doing construction, installation, repair, and testing of wires in telephones, computers, and other electronic equipment. *Id.* ¶ 38. Defendant supports his wife and three children through his employment as Mrs. Joseph's paychecks are nominal. *Id.* ¶ 31; Probation Dep't Sentencing Recommendation, at 1, ECF No. 24-1 ("Probation Recommendation").

Probation reports Defendant appears unable to pay a fine. *Id.* ¶ 50. Defendant has no criminal history either as a juvenile or as an adult. *Id.* ¶¶ 20–23.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

As for the instant offense, after arriving at John F. Kennedy Airport on a flight from Trinidad, Defendant was stopped by Customs and Border Protection ("CBP") for a baggage examination. PSR ¶ 3. CBP officers discovered a bottle of alcohol in Defendant's possession, which tested positive for liquid cocaine. *Id.* The laboratory weight of the cocaine was 649.7 grams. *Id.* Defendant admitted, after his arrest, a friend of his father's had offered him $2,000 to bring the bottle of narcotics into New York. *Id.* ¶ 4. Defendant also admitted to previously shipping marijuana from New York to Trinidad on at least one occasion. *Id.*

**B. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Indictment, which charged Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii).

5

Defendant faces a maximum term of imprisonment of forty years. 21 U.S.C. § 960(b)(2). Under 21 U.S.C. § 960(b)(2), Defendant would face a minimum term of imprisonment of five years and a minimum term of supervised release of four years. However, Defendant qualifies for the "safety valve" pursuant 18 U.S.C. § 3553(f). As a result, the Court may sentence Defendant without regard to any statutory minimum sentence. 18 U.S.C. § 3553(f).

Defendant faces a maximum term of supervised release of five years, 18 U.S.C. § 3583(b)(1), as well as a maximum fine of $5,000,000.00, 21 U.S.C. § 960(b)(2); and a special assessment of $100.00, 18 U.S.C. § 3013(a)(2)(A). Defendant is statutorily ineligible for probation. 21 U.S.C. § 960(b)(2).

### C. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

All parties agree, the appropriate Guideline for Count One, 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2) is USSG § 2D1.1(a)(5), which applies to unlawfully importing drugs. Gov't Sentencing Mem at 2, ECF No. 25 ("Gov't Mem."); Def. Sentencing Mem. at 1, ECF No. 39 ("Def. Mem."); PSR ¶ 8. With reference to USSG § 2D1.1(c)(8), all parties agree the base offense level under USSG § 2D1.1(a)(5) is 24. Gov't Mem. at 2; Def. Mem. at 1; PSR ¶ 8. The parties also agree Defendant played a minimal role in the criminal activity, lowering the offense level by 4 per USSG § 3B1.2(a), Defendant has demonstrated acceptance of responsibility, lowering the offense level by 2 per USSG § 3E1.1(a), and Defendant timely notified the Government of his intent to plead guilty, lowering the offense level by 1 per USSG § 3E1.1(b).

Gov't Mem. at 2; Def. Mem. at 1; PSR ¶¶ 11, 15, 16. Parties also agree Defendant qualifies for the "safety valve" exception under USSG § 5C1.1(a) and thus the offense level is decreased by an additional 2 levels per USSG § 2D1.1(b)(18). Gov't Mem. at 2; Def. Mem. at 1; PSR ¶ 9. All parties agree Defendant's adjusted offense level is 15. Gov't Mem. at 2; Def. Mem. at 1; PSR ¶ 17.

With a Criminal History Category of 1 and an adjusted offense level of 15, the Guidelines recommend a term of incarceration of between 18 and 24 months. USSG § 5 Pt. A. The Guidelines further recommend between 2 and 5 years of supervised release to follow the period of incarceration. USSG § 5D1.2(a)(1). The Guidelines suggest a fine of between $7,500.00 and $5,000,000.00. USSG § 5E1.2(c)(3).

The Government recommends a term of imprisonment within the Guidelines range of 18 to 24 months. Gov't Mem. at 2.

Probation recommends a term of 6 months imprisonment, followed by 2 years' supervised release. Probation Recommendation at 1.

Defense counsel recommends a sentence of probation. Def. Mem. at 1.

**D. Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor, requires the Court to evaluate "any pertinent policy statement ... issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5). Under USSG §§ 5K2.0 and 5K2.21, the Court may consider additional criminal conduct, such as Defendant's admission he imported an unknown quantity of marijuana from New York to Trinidad on at least one occasion. PSR ¶¶ 4 and 64.

### E. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### F. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor, requiring the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see id.* § 3663.

## CONCLUSION

A sentence of 18 months' incarceration, followed by 1 year supervised released, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein.

SO ORDERED.

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2020
Brooklyn, New York